USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
:
SAVOY OF NEWBURGH, INC., et ano.,
:
           Plaintiffs,                04 Civ. 1405 (WHP)
:
          -against-                MEMORANDUM & ORDER
:
CITY OF NEWBURGH, et al.,
:
           Defendants.
:
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

      Defendants move pursuant to Rules 21 and 22 of the Rules for Division of Business Among District Court Judges (the "Rules") to transfer this action back to White Plains, or in the alternative to have this Court conduct any trial at the Charles L. Brieant United States Courthouse in White Plains so that Defendants may have a jury drawn from the White Plains jury pool. For the following reasons, Defendants' motions are denied.

      The Rules are intended to aid internal management of the Mother Court.[1] As the preamble to the Rules states, they were "adopted for the internal management of the caseload of the court and shall not be deemed to vest any rights in litigants or their attorneys." Thus, there is

---

[1] For generations, legal cognoscenti have referred to the Southern District of New York as the "Mother Court." The Judiciary Act of 1789 established the time table for convening court in each of the original judicial districts. New York and New Jersey were to be first. Court was scheduled to convene on the first Tuesday of November 1789. As prescribed by statute, on November 3, 1789, District Judge John Duane convened the first session of any federal court in the United States not far from the Daniel Patrick Moynihan United States Courthouse in lower Manhattan. Unfortunately, New Jersey did not convene on that day as the district judge was ill. This is only one of many theories for the title. See GERALD GUNTHER, LEARNED HAND: THE MAN AND THE JUDGE 281 (1994).

no right to transfer, "even when the facts bring the case within the category of cases, which under Rule 21(a) of the Rules, shall be designated for assignment to White Plains." Ginsberg v. Valhalla Anesthesia Assocs., P.C., 171 F.R.D. 159, 160 (S.D.N.Y. 1997) (quotation marks omitted). Rather, Rule 22 creates a "broad discretionary standard" where requests for transfers are governed by the interests of justice. See Ginsberg, 171 F.R.D. at 160.

The return of this action to White Plains would frustrate the goal of easing congestion in the District. See Ginsberg, 171 F.R.D. at 160 ("Finally, and perhaps most importantly, [the Court] cannot ignore the heavy caseload and lack of judicial personnel at the White Plains courthouse. Transferring this case would only exacerbate the imbalance that already exists in the distribution of cases among the courthouses."). This action has languished for years because of the overwhelming caseload in White Plains.

Defendants also complain about the burden of traveling long distances to resolve a civil matter in federal court. However, this Court takes judicial notice that the distance between White Plains and Foley Square is less than 30 miles. This added distance is not the kind of inconvenience warranting transfer. See, e.g., Schwartz v. Marriott Hotel Services, Inc., 186 F. Supp. 2d 245, 252 (E.D.N.Y. 2002) (65 miles between courthouses insufficient to warrant transfer).

On July 10, 2009, this Court set a briefing schedule, directed the filing of a Joint Pre-Trial Order, and fixed October 5, 2009, for jury selection and trial. A transfer back to White Plains would derail this schedule and further delay this action. Indeed, the looming trial date may tend to refocus the parties' attention on this case, and also weighs against transfer. See Fed.

R. Civ. P. 1 (noting that courts should construe and administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding").

The second branch of Defendants' application seeks a "White Plains jury." Defendants offer no authority for that proposition because there is none. The Constitution and Jury Selection and Service Act entitle litigants to a jury representing a fair cross section of the community in the district where the trial is held. See United States v. Johnson, 21 F. Supp. 2d 329, 334-35 (S.D.N.Y. 1998). "It is well-settled that neither the jury selection statute nor the Constitution requires that jurors be drawn from the entire district." United States v. Bahna, 68 F.3d 19, 24 (2d Cir. 1995). Defendants point to nothing to suggest that the jury pool at Foley Square does not represent a fair cross section of the community. See Johnson, 21 F. Supp. 2d at 332, 339 (upholding the legality of the jury selection system in the Southern District); see also Bahna, 68 F.3d at 24-25 (upholding the legality of a similar jury selection system then in use in the Eastern District of New York). Indeed, as the late Judge Casey explained in Johnson, the Manhattan jury pool substantially overlaps with the White Plains jury pool and derives at least a third of its potential jurors from Westchester, Rockland, and Putnam counties. See Johnson, 21 F. Supp. 2d at 332-39.

Finally, Defendants invite this Court to travel to White Plains to conduct the trial. While this Court would like to accept that invitation, such travel would interfere with day-to-day administration of its docket at Foley Square. Thus, this Court finds it impractical to relocate for a single trial and absent itself from its duty station in Manhattan.

Accordingly, Defendants' objection to trial before a jury selected in Foley Square is overruled.

Dated: August 11, 2009
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Michael H. Sussman, Esq.
Sussman Law Offices
40 Park Place
P.O. Box 1005
Goshen, NY 10924
*Counsel for Plaintiffs*

James M. Fedorchak, Esq.
Gellert & Klein, P.C.,
75 Washington Street
Poughkeepsie, NY 12601

Patrick T. Burke, Esq.
Richard B. Golden, Esq.
Burke, Miele & Golden, LLP
100 Washington Avenue, Post Office Box 397
Suffern, NY 10901
*Counsel for Defendants*